TVa

FILED
DEC 0 1 2010
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PINNACLE NATIONAL BANK, )
)
    *Plaintiff*, )
)
v. ) Docket No. 3:10-CV-520
) Varlan/Guyton
ARCH SPECIALTY INSURANCE COMPANY )
and ARCH INSURANCE GROUP, INC., )
)
    *Defendants*. )

## COMPLAINT FOR DECLARATORY JUDGMENT AND COMPENSATORY DAMAGES

Comes the Plaintiff, Pinnacle National Bank (the "Plaintiff"), by and through counsel and pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, and hereby sues the Defendants, Arch Specialty Insurance Company and Arch Insurance Group, Inc. (collectively, the "Defendants"), for declaratory relief and compensatory damages as set forth below. In support hereof, the Plaintiff would show as follows:

### THE PARTIES

1. The Plaintiff, Pinnacle National Bank, is a national banking association with its principal office located at 1111 Northshore Drive, Suite 300, Knoxville, Tennessee 37919.

2. The Defendant, Arch Specialty Insurance Company, is a Nebraska corporation with its principal office located at 300 Plaza Three, Jersey City, New Jersey 07311-1107. The Defendant's registered agent is Lawrence F. Harr, located at 10306 Regency Parkway Drive, Omaha, Nebraska 68114. Pursuant to Tenn. Code Ann. § 56-2-103, however, the Defendant may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance at Attn: Service of Process, 500 James Robertson Parkway, Davy

Crockett Tower, Nashville, Tennessee 37243-1131.

3. The Defendant, Arch Insurance Group, Inc., is a Delaware corporation with its principal office located at One Liberty Plaza, 53rd Floor, New York, New York 10006. The Defendant's registered agent is The Corporation Trust Company, located at 1209 Orange Street, Wilmington, Delaware 19801. Pursuant to Tenn. Code Ann. § 56-2-103, however, the Defendant may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance at Attn: Service of Process, 500 James Robertson Parkway, Davy Crockett Tower, Nashville, Tennessee 37243-1131.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391.

6. An actual and justiciable controversy exists between the Plaintiff and the Defendants, and the Plaintiff is entitled to declaratory relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

## FACTUAL ALLEGATIONS

7. The Plaintiff repeats the foregoing allegations, which are specifically incorporated herein by reference.

8. The Defendants issued a certain policy of property and casualty insurance (inland marine coverage) bearing policy number CSPKG0055200 (the "Policy"). The effective date of the Policy was August 5, 2009 at 12:01 A.M. standard time. A true and correct copy of the Policy, including all accompanying declarations, endorsements, schedules and conditions, is

2

attached hereto as **Exhibit A** and incorporated herein by reference.

9. The property insured under the Policy consists of certain mining equipment and associated equipment (collectively, the "Equipment"), which is owned by Lindsey Leasing, LLC, a Tennessee limited liability company (hereinafter, "Lindsey Leasing"). The Equipment is more particularly identified on the "Schedule of Covered Property" found at Page 24 of the Policy. (*See* **Exhibit A**, p. 24).

10. The total coverage limit for the insured Equipment is $2,622,510, as evidenced by the "Contractor's Equipment Supplemental Declarations" found at Page 27 of the Policy. (*See* **Exhibit A** p. 27).

11. Lindsey Leasing and the Plaintiff are each named as "loss payees" under the Policy, as evidenced by the "Loss Payable Clause Endorsement" found at Page 26 of the Policy. (*See* **Exhibit A** p. 26).

12. Lindsey Leasing assigned all of its rights under the Policy to the Plaintiff pursuant to an Assignment of Insurance Proceeds dated October 30, 2009 (the "Assignment"). A true and correct copy of the Assignment is attached hereto as **Exhibit B** and incorporated herein by reference.

13. In addition to the direct Assignment of its rights under the Policy, Lindsey Leasing also granted the Plaintiff a security interest in any proceeds, monies or other payments to be paid or payable to Lindsey Leasing under the Policy, as evidenced by a UCC-1 financing filed with the Tennessee Secretary of State on or about January 6, 2010, bearing file number 310001161.

14. Upon information and belief, Lindsey Leasing does not dispute that all of its rights under the Policy have been assigned in full to the Plaintiff, or that the Plaintiff is entitled

to payment of any monies that would otherwise be payable to Lindsey Leasing under the Policy. Accordingly, there is no controversy or dispute between the Plaintiff and Lindsey Leasing, and Lindsey Leasing is not an interested or necessary party to this action.

15. Upon information and belief, the Equipment was destroyed on or about August 16, 2009. As of the date of loss, the Equipment is believed to have been valued at over $2,000,000.

16. Despite demands by Lindsey Leasing and the Plaintiff, the Defendants have denied coverage under the Policy. Therefore, a dispute has arisen as to whether or not the Policy affords coverage for the Equipment, and whether or not the Plaintiff is entitled to payment under the Policy.

17. By reason of the foregoing, an actual and justiciable controversy exists between the Plaintiff and the Defendants, which may be determined by judgment or order from this Court pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

18. This Court has the power to declare and adjudicate the respective rights and liabilities of the parties under the terms of the Policy, the rights of the parties regarding the payment of any loss proceeds under the terms of the Policy, and the amount of such loss proceeds.

**WHEREFORE,** the Plaintiff respectfully prays as follows:

(A) That process issue and be served upon the Defendants and that they be required to answer in accordance with the Federal Rules of Civil Procedure;

(B) That a hearing be scheduled on an expedited basis to address the Plaintiff's request for a declaratory judgment;

(C) That upon such hearing, this Court enter an order declaring that the Defendants must provide coverage under the Policy for the loss of the Equipment;

(D) That this Court further declare the respective rights, duties and obligations of the parties with respect to the Policy as it relates to the loss of the Equipment;

(E) That the Plaintiff be awarded a joint and several judgment against the Defendants for compensatory damages in an amount equal to not less than two million dollars ($2,000,000.00), or the value of the Equipment at the time of the loss, as determined in accordance with the terms and conditions set forth in the Policy;

(F) That the Plaintiff be awarded damages for their reasonable attorney's fees and expenses incurred as a result of prosecuting this claim;

(G) That the Plaintiff be awarded pre-judgment and post-judgment interest at the highest rate permitted under applicable law;

(H) That the costs of this action be taxed against the Defendants; and

(I) That the Plaintiff be granted such other and general relief to which it may be entitled under law and/or equity.

Respectfully submitted this 1st day of December, 2010.

By: /s/ W. Michael Baisley
THOMAS H. DICKENSON (BPR # 006844)
W. MICHAEL BAISLEY (BPR # 024304)
*Attorneys for Plaintiff*
Hodges, Doughty and Carson, PLLC
617 W. Main Street
Knoxville, TN 37902
Tel: (865) 292-2307
Fax: (865) 292-2231
tdickenson@hdclaw.com
mbaisley@hdclaw.com